BEFORE THE FIRST DIVISION, JULY 16, 1940

**No. 44101.**—Petition 5865–R of F. A. O. Schwarz (New York).

Opinion by BROWN, J.   An examination of the official papers reveals nothing to justify disturbing the action of the collector.   The petition was therefore denied.

**No. 44102.**—Petition 5880–R of Schall & Co. (New York).

Opinon by BROWN, J.   An examination of the official papers reveals nothing to justify disturbing the action of the collector.   The petition was therefore denied.

**No. 44103.**—Petition 6014–R of Dr. Marc Golandsky (New York).

Opinion by BROWN, J.   The petition was submitted upon the official papers which disclose nothing to justify disturbing the action of the collector.   The petition was therefore denied.

**No. 44104.**—Protests 968232–G, etc., of Kobe Import Co. (New York).

Opinion by TILSON, J.   From a sample of the merchandise introduced in evidence it was agreed that it is in chief value of base metal.   It was stated that the modifying phrase "valued above $5 per dozen pieces" in the French Trade Agreement (paragraph 1527 (c) (2)), applies with equal force to the specified articles, whether they are composed wholly or in chief value of metal other than gold or platinum, or whether they are set with and in chief value of precious or semiprecious stones, pearls, cameos, coral, amber, imitation precious or semiprecious stones, or imitation pearls.   In view of the grammatical as well as legal rule as stated in section 409 of Lewis' Sutherland Statutory Construction, the phrase "valued above $5 per dozen pieces" appearing at the end of the sentence in the paragraph under consideration was held to apply to all the articles provided for in said paragraph 1527 (c) (2).   The protests were therefore overruled.

**No. 44105.**—Protest 951231–G of Polk Musical Supply Co. (Savannah).

Opinion by KINCHELOE, J.   From the testimony and the samples introduced in evidence it was found that the ukuleles in question could be used for musical purposes.   However, the testimony failed to show that they are not *chiefly* used for the amusement of children.   Following *United States* v. *Fred. Gretsch* (28 C. C. P. A. —, C. A. D. 120) the protest was overruled.